# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE GERVAIS,

      Plaintiff,

vs.                                                                                     No. CIV 18-0614 JB/JHR

ALB. REGIONAL FBI,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(h)(3) of the

Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to

42 U.S.C. § 1983, filed June 29, 2018 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application

to Proceed in District Court Without Prepaying Fees or Costs, filed June 29, 2018 (Doc.

2)("Application").  Plaintiff Josephine Gervais appears pro se.  For the reasons set out below, the

Court will: (i) grant Gervais' Application; and (ii) dismiss this case without prejudice for lack of

subject-matter jurisdiction.

## PROCEDURAL BACKGROUND

Gervais asserts three causes of action -- stalking, sexual abuse, and fetal homicide -- against

Defendant Alb. Regional FBI ("FBI").  She alleges the following facts regarding the stalking cause

of action:  "The surviellance [sic] of me was not work related.  Illegal usage of technologies that

send subliminal noise in to the unconcious [sic] mind.  The doings of these two things was stalking

and since their effect was in my home, trespassing."  Complaint at 3.  Gervais alleges the following

facts regarding the sexual abuse cause of action: "The subliminal messages, which are accessible

to govt. officials to mind control or distract a (terrorist, drug dealer ect [sic] . . .) until they can get

to them, were instead used illegally to make me hear racist words, insults, and feel like women were raping me." Complaint at 3. She alleges the following facts regarding the fetal homicide cause of action: "The subliminal messages, some out of concious [sic] hearing range, and some hearable conciously [sic], were sent to my unconcious [sic] mind to try to hypnotize + mind control me until I experienced bouts of no free will and hurt myself at times during pregnancy causing a stillborn." Complaint at 4.

Gervais' Application states that: (i) her "[a]verage monthly income amount during the past 12 months" was $750.00 in disability; (ii) she is unemployed; (iii) she has no assets; (iv) her estimated monthly expenses total $700.00; and (v) she has no cash and no money in bank accounts. Application at 1-5. Gervais signed an "Affidavit in Support of the Application," stating that she "is unable to pay the costs of these proceedings" and declaring under penalty of perjury that the information which she provided in the Application is true. Application at 1.

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir.

2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed IFP] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[1]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

[I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and

---

[1]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001)(Judicial Conference Schedule of Fees). In Brewer v. City of Overland Park Police Department, the monthly income of Brewer, the plaintiff, exceeded his monthly expenses by $242.00. See Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977 (10th Cir. 2002)(No. 01-3055).

then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**LAW REGARDING RULE 12(h)(3) AND SUBJECT-MATTER JURISDICTION**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pled factual allegations as true, see United States v. Rodriguez-Aguirre, 2634 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the

merits of the underlying claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally, and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having carefully reviewed the Complaint and the Application, and the relevant law, the Court will: (i) grant Gervais' Application; and (ii) dismiss this case for lack of subject-matter jurisdiction.

The Court will grant Gervais' Application to proceed in forma pauperis, because: (i) she signed an affidavit stating that she is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in her Application is true; and (ii) while Gervais' monthly income exceeds her monthly expenses by $50.00, her monthly income is only $750.00. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states

that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on the FBI, because the Court is dismissing this case for lack of subject-matter jurisdiction.

The Court will dismiss this case without prejudice for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Gervais does not allege any facts showing that the Court has subject-matter jurisdiction. See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d at 1495 (The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction.").

For her Complaint, Gervais uses a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint at 1. If Gervais intends the Complaint to be a § 1983 action, the Court must dismiss the actions without prejudice for lack of subject-matter jurisdiction, because § 1983 "authorizes suits only against persons acting under color of state [and not federal] law" and does not waive federal sovereign immunity. Sanchez v. U.S.A.A., Inc., 59 F.Supp. 3d 1285, 1294 (D.N.M. 2014)(Browning, J.). Consequently, the Court lacks subject-matter jurisdiction over a § 1983 action levied against a federal agency like the FBI,[2] because the United States did not waive sovereign immunity for a § 1983 claim.

---

[2]Additionally, the Court has no reason to construe the Complaint as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens").

Assuming that Gervais is attempting to bring a claim under the Federal Tort Claim Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), the Court will dismiss the action without prejudice, for two reasons. First, a federal agency like the FBI is not a proper defendant in an FTCA action. See Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009)(Briscoe, J.)(stating that a "district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties"); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008)(Kanne, J.)("The only proper defendant in an FTCA action is the United States."). Second, even if Gervais had named the United States as a defendant, the Court would still dismiss this action without prejudice for lack of subject-matter jurisdiction, because Gervais has not shown that she has complied with the FTCA's filing prerequisite that she first file a claim directly to the relevant agency. See 28 U.S.C. § 2675 (stating that, as a prerequisite to bringing a FTCA action, the "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"); 28 U.S.C. § 2401(b) (stating that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of [the agency's] final denial"); Wang v. United States, 61 F. App'x 757, 759 (2d Cir. 2003)(unpublished)("Plaintiffs bear the burden of pleading and proving compliance with Section 2401(b)."); In re Agent Orange Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987)(stating that a

---

In a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions). Gervais does not state that she brings a Bivens action, assert facts that suggest a Bivens action is appropriate, or allege generally that the FBI violated her constitutional rights.

plaintiff's complaint should have been dismissed for lack of jurisdiction because the plaintiff did not allege that she complied with § 2401(b)); Davila v. Lang, No. CIV 18-6164 GHW, 2018 WL 5282896, at *8 (S.D.N.Y. Oct. 23, 2018) )(Woods, J.)("[The plaintiff] has not pleaded compliance with the exhaustion requirement in accordance with 28 U.S.C. § 2401(b). . . .  As such, [the plaintiff] has failed to exhaust all administrative remedies, and his tort claim must be dismissed for lack of subject matter jurisdiction."  (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994))); Davila v. Gutierrez, 330 F. Supp. 3d 925 (S.D.N.Y. 2018)(Woods, J.). Given that Gervais has not shown that she has met the procedural prerequisites for a FTCA action, the Court lacks subject-matter jurisdiction.  See United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); James v. United States, 970 F.2d 750, 753 (10th Cir. 1992)("The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived."); Lurch v. United States, 719 F.2d 333, 335 n.3 (10th Cir. 1983)(stating that the FTCA's requirement that the plaintiff first bring an administrative claim against the relevant agency "is jurisdictional and cannot be waived").

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 29, 2018 (Doc. 3), is granted; (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 29, 2018 (Doc. 1), is denied without prejudice; (iii)  this case is dismissed without prejudice; and (iv) Final Judgment will be entered.

UNITED STATES DISTRICT JUDGE

*Parties*:

Josephine Gervais
Albuquerque, New Mexico

    *Plaintiff pro se*